**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID J. BAKER,

      Appellant,

     v.

SOCIAL SECURITY
   ADMINISTRATION,

      Agency.

DOCKET NUMBER
SF-0752-17-0150-I-1

DATE: May 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gary M. Gilbert</u>, Esquire, and <u>Renn C. Fowler</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Ann L. Maley</u>, Esquire, and <u>Chantal Jenkins</u>, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction.  On petition for review, the appellant argues that the administrative judge incorrectly dismissed the appeal because she failed to provide him with notice of his jurisdictional burden. Petition for Review (PFR) File, Tab 1 at 7-9.  He also argues that the administrative judge erred in failing to address the timeliness of his appeal and that the agency violated his due process rights when it impermissibly denied his right to a post-deprivation hearing.  *Id.* at 9-16.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant claims that, because the administrative judge failed to provide him with notice of his jurisdictional burden, the dismissal of his appeal must be vacated.  PFR File, Tab 1 at 8.  Although the appellant is correct that the administrative judge did not provide him jurisdictional notice prior to the issuance of the initial decision, the agency's motion to dismiss and the initial decision itself accurately set forth his burden to prove jurisdiction.  Initial Appeal File (IAF), Tab 9 at 15, Tab 26, Initial Decision (ID) at 3.  Accordingly, we find

that the agency's motion to dismiss and the initial decision cured any lack of notice. *See Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (finding that an administrative judge's failure to provide proper jurisdictional notice may be cured by the agency's pleadings or the initial decision). Moreover, we agree with the administrative judge's conclusion that the Board lacks jurisdiction over this appeal because the appellant, after receiving sufficient notice of his appeal rights, made a binding election to grieve his removal under 5 U.S.C. § 7121(e)(1).[3] ID at 4-5; *see Kirkwood v. Department of Education*, 99 M.S.P.R. 437, ¶ 15 (2005) (explaining that an election to file a grievance is effective, and deprives the Board of jurisdiction over the grieved action, if the employee receives adequate notice of her election rights and timely files her grievance).

¶3      Most of the appellant's arguments on review pertain to the timeliness of his Board appeal. PFR File, Tab 1 at 9-15. However, because the administrative judge correctly found that the Board lacks jurisdiction over the appeal, there is no need to reach the timeliness issue. *See Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 10 n.2 (2012). Further, in the absence of Board jurisdiction, the Board lacks the authority to address the appellant's claim that the agency violated his due process rights when it impermissibly denied his

---

[3] To the extent that the appellant argues that his election to proceed under the negotiated grievance procedure was not binding because the notice of appeal rights contained in his removal decision was insufficient, we find his argument unpersuasive. Although the appellant is correct that the appeal rights provided by the agency lacked the specific notice, as required by the regulations in place at the time of his removal, that he had a right to request Board review of a final grievance decision, we find that it provides no basis to nullify his otherwise valid election to pursue a grievance through the negotiated grievance procedure. IAF, Tab 19 at 26-27; *see* 5 C.F.R. § 1201.21(d)(3) (2007). Specifically, because the only notice that was lacking from his appeal rights merely provided an additional layer of review in certain circumstances to the process he ultimately chose, we find that his election was not prejudiced in any way. Further, as the administrative judge properly explained, that layer of review is not available to the appellant here because no final grievance decision exists. ID at 5.

right to a post-deprivation hearing. *See Rivera v. Department of Homeland Security*, <u>116 M.S.P.R. 429</u>, ¶ 16 (2011).[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. <u>5 U.S.C. § 7703</u>(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. <u>5 U.S.C. § 7703</u>(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] The appellant attaches several documents to his petition for review. PFR File, Tab 1 at 18-61. These documents, however, are all contained in the record below. IAF, Tab 19 at 18-61. As such, the Board need not consider them. *Meier v. Department of the Interior*, <u>3 M.S.P.R. 247</u>, 256 (1980) (holding that evidence that is already a part of the record is not new).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, <u>582 U.S. 420</u> (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.